**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4402**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NICHOLAS SHAMAR GRIFFIN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:18-cr-00174-D-1)

Submitted:  March 23, 2021                     Decided:  March 26, 2021

Before THACKER, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sophia L. Harvey, LIAO HARVEY PC, Winston-Salem, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nicholas Shamar Griffin pled guilty to conspiracy to distribute and possess with intent to distribute powder cocaine and more than 280 grams of crack cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to 293 months' imprisonment. On appeal, Griffin's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), in which she asserts that there are no meritorious grounds for appeal, but questions the validity of Griffin's guilty plea and the reasonableness of his sentence. Although advised of his right to file a supplemental pro se brief, Griffin has not done so. For the reasons that follow, we affirm.

Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). The court also must ensure that the defendant's plea is voluntary in that it did not result from force, threats, or promises outside the plea agreement, and is supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3). Because Griffin did not move to withdraw his guilty plea or otherwise preserve any error in the plea proceedings, we review the adequacy of the plea colloquy for plain error. *Williams*, 811 F.3d at 622. Our review of the transcript reveals that the district court fully complied with the requirements of Fed. R. Crim. P. 11, that a factual

2

basis supported the plea, and that Griffin's plea was knowingly and voluntarily entered. We find no error, let alone plain error.

Next, counsel questions whether Griffin's sentence is reasonable. We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Gall,* 552 U.S. at 51. In determining procedural reasonableness, we examine, among other factors, whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, selected a sentence based on facts that were not clearly erroneous, and sufficiently explained the selected sentence. *Id*. at 49-51.

Only after determining that the sentence is procedurally reasonable do we consider whether it is substantively reasonable, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

Our review of the sentencing transcript reveals no significant procedural or substantive errors. Griffin's sentence of 293 months' imprisonment falls within his properly calculated advisory Sentencing Guidelines range of 235 to 293 months. The

district court allowed the parties to present arguments, gave Griffin the opportunity to allocute, considered the relevant 18 U.S.C. § 3553(a) sentencing factors, and explained the selected sentence. We find that Griffin has not met his burden of rebutting the presumption that his within-Guidelines range sentence is reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform Griffin, in writing, of the right to petition the Supreme Court of the United States for further review. If Griffin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Griffin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*